# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LUZ M. ANZUETO,
                    Appellant,

                v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
DC-3443-15-0705-I-1

DATE: October 6, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Luz M. Anzueto, Jessup, Maryland, pro se.

Stephanie Sneed, Bethesda, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On May 7, 2015, the appellant filed an appeal alleging that the agency improperly charged her with 29 hours of absence without leave (AWOL) in November 2014. Initial Appeal File (IAF), Tab 1. In addition, she accused agency officials of subjecting her to a hostile work environment and retaliating against her for a reasonable accommodation request. *Id.* She indicated that she had filed a grievance contesting her placement in an AWOL status and received a decision on her grievance on April 22, 2015. *Id.* In support of her appeal, she attached a number of documents, including portions of a PowerPoint presentation concerning AWOL, an agency policy statement regarding time and attendance, various medical notes, a leave request form, a reasonable accommodation request form, the agency's November 2014 letter informing her of her placement in an AWOL status, and documents concerning her grievance. *Id.*

¶3 Because it appeared that the Board might not have jurisdiction over the appeal, the administrative judge issued a detailed order informing the appellant of her burden of proof on jurisdiction and directing her to submit evidence and argument on the issue. IAF, Tab 3. In her response,[2] the appellant reiterated the claims that she had raised in her initial appeal and filed duplicate copies of the

---

[2] Contrary to the agency's assertions, the postmark date indicates that the appellant timely filed her response on May 23, 2015. *See* IAF, Tab 4.

documents she previously submitted with her appeal form. IAF, Tab 4. She acknowledged that her appeal "might be out of jurisdiction," but did not otherwise address the issue. *Id*. at 2.

¶4 Based on the written record, the administrative judge issued a decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision. He noted that there also were questions as to whether the appeal was timely filed or precluded by her previous election to file a grievance of the same action, but he did not decide those issues. *See id*.

¶5 The appellant filed a timely petition for review. Petition for Review (PFR) File, Tab 1. She again contests the merits of her placement on AWOL, arguing that the agency improperly denied her sick leave and ignored her request for reasonable accommodation. *Id*. She contends that her filing of a grievance is "[t]he only reason [she] might be disqualified," and that she was not aware of her Board appeal rights at the time. *Id*. The agency has filed a response, in which it argues that the appellant's petition does not meet the criteria for review. PFR File, Tab 3.

¶6 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, the appellant has the burden of proving by a preponderance of the evidence that the Board has jurisdiction over an appeal. *See* 5 C.F.R. § 1201.56(a)(2). In most cases, an appellant is entitled to a jurisdictional hearing only if she makes nonfrivolous allegations that the Board has jurisdiction over her appeal. *See Yiying Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007). Nonfrivolous allegations of jurisdiction are allegations of fact that, if proven, could establish that the Board has jurisdiction over the appeal. *Id*. Mere pro forma alegations, howevever, are insufficient to satisfy this nonfrivolous standard. *Id*.

¶7 The Board generally has jurisdiction to review an appeal from a removal, a suspension of more than 14 days, a reduction in grade or pay, or a furlough of

less than 30 days.  5 U.S.C. § 7512.  Placement in an AWOL status is not by itself an appealable matter.  *Marks v. Department of the Air Force*, 2 M.S.P.R. 494, 495 (1980).  Under some circumstances, though, placement in an AWOL status may constitute an appealable suspension.  *See Bucci v. Department of Education*, 36 M.S.P.R. 489, 491 (1988); *overruled in part on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014).  Suspensions of 14 days or less are not appealable, however, *see Oates v. U.S. Postal Service*, 49 M.S.P.R. 571, 573 (1991), and the appellant was in an AWOL status for a total of only 29 hours.  In the absence of an otherwise appealable action, the Board has no jurisdiction to consider the appellant's claims that the agency subjected her to her a hostile work environment or retaliated against her for requesting reasonable accommodation.  *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).  Moreover, the appellant has not made allegations that could establish another basis for jurisdiction, such as retaliation for whistleblowing activity or discrimination based on military status.  Accordingly, we conclude that the appellant failed to make a nonfrivolous allegation of jurisdiction and that the administrative judge properly dismissed the appeal without a hearing.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.